Jiang v. Sessions

BIA
Poczter, IJ
A205 390 719

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of October, two thousand seventeen.

PRESENT:
JON O. NEWMAN,
RICHARD C. WESLEY,
DEBRA ANN LIVINGSTON,
*Circuit Judges.*

_____

WEI JIANG,
         *Petitioner,*

         v.                                          16-1388
                                                     NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
         *Respondent.*

_____

FOR PETITIONER:        Zhen Liang Li, New York, NY.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; Leslie
                       McKay, Anthony W. Norwood, Senior
                       Litigation Counsel, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wei Jiang, a native and citizen of the People's Republic of China, seeks review of a March 30, 2016, decision of the BIA affirming an April 23, 2015, decision of an Immigration Judge ("IJ") denying Jiang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wei Jiang,* No. A205 390 719 (B.I.A. Mar. 30, 2016), *aff'g* No. A205 390 719 (Immig. Ct. N.Y. City Apr. 23, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005) (per curiam). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165–66 (2d Cir. 2008) (per curiam). The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness,"

and inconsistencies in his testimony, his witness's testimony, and his documentary evidence, "without regard to whether" any such inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163–64, 167. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Substantial evidence supports the agency's determination that Jiang was not credible.

Jiang primarily challenges the agency's reliance on the record of his interview with a Border Patrol agent, in which he stated that he came to the United States to be with family in New York and did not fear any harm in China.

"In assessing the reliability" of statements made during a border interview, "we may take into account (1) whether the 'record of the interview . . . merely summarizes or paraphrases the alien's statements [rather than providing] a verbatim account or transcript,' (2) whether the questions posed to the alien seem 'designed to elicit the details of an asylum claim,' (3) whether 'the alien appears to have been reluctant to reveal information to . . . officials because of prior interrogation

3

sessions or other coercive experiences in his or her home country,' and (4) whether 'the alien's answers to the questions posed suggest that the alien did not understand English or the translations provided by the interpreter." *Yun-Zui Guan*, 432 F.3d at 396 (quoting *Ramsameachire v. Ashcroft*, 357 F.3d 169, 179–80 (2d Cir. 2004)). The interview record reflected Jiang's answers verbatim and showed that an interpreter was used and that Jiang understood the agent's questions. And while Jiang testified that he told the Border Patrol agent that he feared harm in China, he also acknowledged that he understood the interpreter and signed the interview record after it was read to him. Thus, the agency did not err in concluding that the interview record was reliable. *Id.*

Jiang concedes that his testimony conflicted with his sister's testimony regarding whether he attended church on the Sunday before the asylum hearing. Although he argues that their respective testimonies were otherwise consistent and thus believable, his position is unfounded. The inconsistency between Jiang's testimony and his sister's testimony called into question their credibility as a whole and undermined Jiang's claim that he is a practicing Christian. *See Siewe v.*

4

*Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence."). Jiang testified that he skipped church for the first time because he was picking up money that a friend owed his sister. However, Jiang's sister testified that she and Jiang attended church together that day, Jiang stayed for the entire sermon, Jiang's friends did not owe her any money, and no one had returned money to her that day. Jiang has not offered any explanation for this discrepancy, which calls into question both Jiang's and his sister's credibility regarding their church attendance. *Id.; see also Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

Jiang does not challenge any other grounds for the adverse credibility determination and did not challenge them before the BIA, so any further challenges are both unexhausted and waived. *See Foster v. U.S. INS*, 376 F.3d 75, 78 (2d Cir. 2004) (per curiam) (discussing exhaustion); *Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008) (waiver). Accordingly, the agency's other grounds—inconsistent documentary evidence regarding Jiang's church attendance, and Jiang's demeanor—stand as valid

5

bases for the adverse credibility determination. *See Shunfu Li*, 529 F.3d at 146–47.

Given the substantial discrepancies relating both to Jiang's allegation of past harm and his continuing practice of Christianity, the totality of the circumstances supports the adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 167. Because Jiang's claims were all based on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6